**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MARK HENDERSON                                                                                          PLAINTIFF
ADC #78763

V.                                        NO: 5:12CV00022 HDY

WILLIAM STRAUGHN *et al.*                                                                        DEFENDANTS

## ORDER

Plaintiff Mark Henderson filed a *pro se* complaint on January 17, 2012. On May 29, 2012, Defendants William Straughn, Linda Erwin, and Michael Ferricher, filed a motion for partial summary judgment, a brief in support, and a statement of facts (docket entries #42-#44). Plaintiff filed a response and brief in support on July 17, 2012 (docket entries #61-#62).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff, he has been denied the right to make confidential phone calls to United States Department of Justice personnel, Defendants refuse to timely process grievances, and his incoming and outgoing legal mail is being opened. Plaintiff asserts that this is in retaliation for a previous lawsuit he filed, and to conceal a prior assault, and threats guards have made, in an effort to prevent him from filing further lawsuits.

Defendants argue that they are entitled to summary judgment as to any claim for damages against them in their official capacities, and that Plaintiff's court access claims as to Erwin and Ferricher, which Plaintiff characterizes as retaliation claims, should be dismissed because he was able to file grievances, and therefore suffered no actual injury as a result of their processing of his grievances. Plaintiff concedes that Defendants cannot be held liable in their official capacities because of the doctrine of sovereign immunity, but he asserts that he can be awarded prospective declaratory and injunctive relief. Plaintiff further claims that he was injured in the 75 day delay of grievance processing, because Defendants' actions had a chilling effect on him.

At issue are grievances Plaintiff filed on February 2, 2011 (MX-11-553, concerning the prison telephone policy), and February 3, 2011 (MX-11-557, concerning denied magazines). Both grievances were eventually fully exhausted. Moreover, even if Defendants refused to process his grievances, it is possible that Plaintiff could still file a lawsuit. The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). Defendants' refusal to process the grievances could provide an exception to the PLRA's exhaustion requirement. *See*

*Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (remedy prison officials keep inmate from using is not "available" for purposes of 42 U.S.C. § 1997e(a)).  Although Plaintiff contends that Defendants' handling of his grievances has had a chilling effect on him, a delay in the processing of grievances such as that described by Plaintiff would not deter a person of ordinary firmness from pursuing future grievances, or legal action.  *See Lewis v. Jacks*, 486 F. 3d, 1025, 1026 (8th Cir. 2007) (discussing elements of retaliation claim).  Accordingly, Defendants' motion will be granted.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.   Defendants' motion for partial summary judgment (docket entry #42) is GRANTED.

2.   Plaintiff's claims for monetary damages against all Defendants in their official capacities are DISMISSED WITH PREJUDICE.

3.   All of Plaintiff's claims against Defendants Linda Erwin and Michael Ferricher are DISMISSED WITH PREJUDICE, and Erwin's and Ferricher's names are removed as party Defendants.

DATED this  7   day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE